ORDERED.

Dated: February 11, 2025

_____
Roberta A. Colton
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

| | |
|---|---|
| LEGACY XSPIRE HOLDINGS, LLC, | Case No. 8:23-bk-04251-RCT<br>Chapter 11 |
| WRASER, LLC, | Case No. 8:23-bk-04253-RCT<br>Chapter 11 |
| XSPIRE PHARMA, LLC, | Case No. 8:23-bk-04254-RCT<br>Chapter 11 |
| Debtors._____/ | Jointly administered<br>Confirmed Chapter 11 cases |

## AGREED ORDER UPON CONSIDERATION OF SHOW CAUSE ORDER

THIS CAUSE came on for a Preliminary Hearing before this Court on February 11, 2025, for consideration of the "Motion for Order To Cause Against Key Therapeutics, LLC And To Compel Compliance With The Sale Orders" [Doc. 351] (the "Show Cause Motion"), filed by Legacy-Xspire, Holdings LLC, WraSer, LLC, and Xspire Pharma, LLC (collectively, the "Debtors") on January 14, 2025. In the Show Cause Motion, the Debtors

seek the order of this Court compelling Key Therapeutics, LLC, ("Key") compliance with this Court's "Order Granting Debtors' Amended Motion To Sell Property Free And Clear Of Liens And Other Interests, With Liens Attached Pursuant To 11 U.S.C. §363(f)" [Doc. 136] (the "Initial Sale Order"), the "Order Granting In Part Debtors' Motion To Modify Order Granting Debtors' Amended Motion To Sell Property Free And Clear Of Liens And Other Interests, Et Al; To Authorize Interim Transition Services Agreement; And To Approve Alternative Sale To Back Up Bidder (Doc 153)" [Doc. 174] (the "Amended Sale Order"), and the "Order Granting Debtors' Second Motion To Modify Order Granting Debtors' Amended Motion To Sell Property Free And Clear Of Liens And Other Interests, Et Al (Doc. 203)" [Doc. 212] (the "Second Amended Sale Order"), all of which are collectively referred to herein as the "Sale Orders."  Based upon the agreement of Key and the Reorganized Debtors, through their Liquidation Trustee, this Court enters this Order on the Show Cause Motion.  Based upon the foregoing representations of counsel for the parties, it is hereupon:

**ORDERED, ADJUDGED AND DECREED** as follows:

1.     Consensual relief on the Show Cause Order is hereby granted in part and subject to the terms and conditions set forth below, including modification of the Second Amended Sale Order to accommodate the Modified Payment Terms.

2.     Key and the Liquidation Trustee agree the balance due the Liquidation Trustee by Key, as of the date of this Order, is $1,206,890.32, which bears interest from the date of this Order, at the rate of 9.75% until paid in full ("Outstanding Balance").

3. The Outstanding Balance shall be paid as follows:

   a. $10,000.00 wired to the Liquidation Trustee on the last Business Day of each of the months of March, April and May 2025

   b. $50,000.00 to the Liquidation Trustee on the last Business Day of each of the months of June, July, and August 2025,

   c. $150,000.00 wired to the Liquidation Trustee on the last Business Day of each of the months of September, October and November 2025, and

   d. a final payment wired to the Liquidation Trustee of any remaining unpaid principal amount of the Outstanding Balance, along with accrued interest, all of which will to be wired to the Liquidation Trustee on or before December 31, 2025.

4. On or before the 7th day of each month, Key will provide to the Liquidation Trustee, a monthly balance sheet and income statement reflecting the operations occurring in the preceding month.

5. There shall be no pre-payment penalty for payment of either the Initial Payment or the Installment Payments (collectively, the "Payments"). Wire transfer instructions shall remain unchanged for the duration of the payment term described above or provided by the Liquidation Trustee's counsel to Key's counsel in writing.

6. Any violation of this Agreed Order shall expose the non-compliant party to liability for actual and reasonable attorney's fees and costs resulting from such noncompliance.

7. In the event of payment default, the Debtors' counsel shall provide Key's counsel with notice of default. Key shall have an opportunity to cure any alleged default within five (5) business days' from the date of the notice. Key shall also file an affidavit with this Court confirming that Payment has in fact been made.

8. If Key fails to timely cure its default, this Court shall enter a final judgment (the "Final Judgment") against Key. The Final Judgment will reflect the Outstanding Balance referenced above, less any payments actually received, together with interest accruing at a rate of nine (9%) percent.

9. Upon completion of all payments, Key shall file a certificate of completion with this Court.

10. The terms of this Agreed Order do not create any additional or replacement encumbrance or security interest in property acquired or generated by Key, and is consistent with the terms of the Sale Orders previously entered by this Court. The terms of this Order shall govern, in the event that it is determined that there are any inconsistencies between the terms of this Agreed Order and the Sale Orders.

11. Nothing in this Order shall be deemed to provide the Liquidation Trustee with any security interest, lien, or any other interest in the membership interests in Key or a guaranty of payment by any third party other than Key, as consideration for Key's payment obligations hereunder. There are no other or additional terms or conditions relating to compliance, and all other rights not expressly agreed upon in this Agreed Order are preserved.

12. Both the Liquidation Trustee and Key waive all rights of rehearing, reconsideration, or relief from judgment under Federal Rules of Civil Procedure 59 and/or 60, relief under Bankruptcy Code §105(a), and any right to appeal on any grounds.

13. This Court shall retain and have exclusive jurisdiction to construe, apply, and enforce the terms of this Agreed Order.

*Attorney John A. Anthony, Esquire is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.*